**XING CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES.**

No. 11–1542.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 21, 2011.

Opinion filed: Sept. 29, 2011.

Mouren M. Wu, Esq., New York, NY, for Petitioner.

Zoe J. Heller, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Attorney General of the United States.

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Xing Chen, a citizen of China, seeks review of a decision of the Board of Immigration Appeals ("BIA") upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

I.

Chen entered the United States illegally in January 2008 and was subsequently placed in removal proceedings. He conceded removability but applied for asylum, withholding of removal, and protection under the CAT based on his resistance to Chinese family planning officials who forced his wife to undergo an abortion. *See Lin–Zheng v. Att'y Gen.*, 557 F.3d 147, 156–57 (3d Cir.2009) (en banc).

At a hearing before an Immigration Judge ("IJ"), Chen testified that his wife was required to get an IUD after the birth of their first child, and that he accompanied her to the doctor to have the IUD removed. On August 26, 2007, family planning officials came to Chen's home

after learning that his wife was pregnant with a second child. Chen got into an altercation with one of the officials and was thus arrested, detained, and beaten by police. In the meantime, his wife was taken to the family planning office for a shot to induce premature labor. After Chen was released from custody the next day, he learned of the abortion and got into a second altercation after confronting family planning officials, resulting in a warrant for his arrest. Police attempted to execute the warrant at Chen's home, but he was hiding at a relative's house. He testified that he sought medical treatment from a doctor who prescribed him only herbal medicine because he "was not beaten that severely." (R. 163–64.) Chen later fled to the United States. He testified that, if he returned to China, officials would detain and beat him due to the outstanding warrant, and fine him for departing China illegally.

The IJ denied Chen's asylum and withholding of removal claims on the basis that Chen failed to testify credibly, rejected Chen's CAT claim, and ordered him removed to China. The BIA affirmed the denial of asylum and withholding of removal based on the IJ's adverse credibility finding, and affirmed the denial of Chen's CAT claim because Chen would not likely be tortured upon return to China. Chen filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the facts upon which the BIA's decision rests, including the IJ's adverse credibility finding, for substantial evidence and exercise de novo review over the BIA's legal conclusions. *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir.2010); *Thu v. Att'y Gen.*, 510 F.3d 405, 412 (3d Cir.2007). An IJ's adverse credibility finding must be supported by "specific, cogent reasons why the applicant is not credible." *Thu*, 510 F.3d at 412 (quotations omitted).

Here, the IJ cited several specific reasons for discrediting Chen's testimony, namely: (1) Chen's "hesitant" demeanor, exemplified by long pauses before he answered certain questions; (2) Chen's omission from his asylum application that his wife had been required to get an IUD after the birth of their first child, that police were looking for him after the date of his first arrest, and that he sought medical treatment after being beaten; (3) the unbelievability of Chen's testimony that, despite being in touch with his wife since his departure, he never discussed with her whether she had a second IUD inserted after the forced abortion, as reflected by the documentary evidence; (4) discrepancies between Chen's testimony concerning the IUD and the documentary evidence; (5) major inconsistencies in Chen's testimony concerning when he allegedly sought medical treatment after being beaten by police, when he last saw his wife, and whether the police were still looking for him; (6) Chen's failure to adequately explain the inconsistencies; and (7) the fact that Chen failed to submit a letter from his wife despite acknowledging that she had considerable information about his claims.[1] Chen makes a half-hearted attempt to undermine the IJ's adverse credibility finding by attacking three of the above reasons, declining to address some of the more serious problems with his testimony. But even if we remove the challenged reasons from the IJ's calculus,

---

1. Although the BIA only discussed some of the IJ's reasons for finding Chen not credible, it "appears to have substantially relied upon the adverse credibility finding of the IJ." *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir.2004). Accordingly, we have jurisdiction to review the IJ's adverse credibility determination in its entirety. *See id.*

the numerous other bases relied on by the IJ for finding Chen not credible are firmly supported by the record and justify the adverse credibility determination.[2] *See Chen v. Ashcroft*, 376 F.3d 215, 226 (3d Cir.2004). Moreover, we need not address Chen's arguments concerning the IJ's alternative reasons for rejecting his asylum and withholding of removal claims because the BIA's decision rests solely on the IJ's adverse credibility finding. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Voci v. Gonzales*, 409 F.3d 607, 612 (3d Cir.2005).

Finally, Chen challenges the denial of his CAT claim on the theory that the BIA applied an incorrect standard by requiring him to establish that the Chinese government harbored a specific intent to torture him.[3] That argument is meritless, as we have previously held that "the CAT requires a showing of specific intent before the court can make a finding that a petitioner will be tortured." *See Pierre v. Att'y Gen.*, 528 F.3d 180, 189 (3d Cir.2008) (en banc).

For the foregoing reasons, we will deny Chen's petition for review.

2. Because Chen filed his application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the IJ's adverse credibility finding is based need not go the heart of his claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Regardless, many of the inconsistencies, inaccuracies, or falsehoods relied on by the IJ in finding Chen not credible do, in fact, go to the heart of his claims. For example, when asked when he sought medical treatment, which goes to the extent of the harm he suffered at the hands of police, Chen provided confusing and inconsistent testimony. He first stated that he sought

treatment the third day after his arrest, but then stated that he sought treatment around the time of the spring festival, which he first testified was September 1, 2007, before changing the date to January 1, 2008, and then February 1, 2008 (at which point he had already left for China).

3. Although Chen did not clearly challenge the denial of his CAT claim on appeal to the BIA, we have jurisdiction to consider the claim because the BIA sua sponte addressed and rejected it. *See Lin v. Att'y Gen.*, 543 F.3d 114, 123–24 (3d Cir.2008).